UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INCUMBENCY SECUNDA WILLIAMS, | Case No. 1:21 cv 1265 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge William H. Baughman, Jr. |
| COMMON PLEAS COURT,*et al.* | |
| Defendants. | |

## OPINION AND ORDER

*Pro se* Plaintiff Incumbency Secunda Williams filed this action against the Common Pleas Court and Judge Stuart Friedman. The complaint is incomprehensible. In its entirety, it states:

> I Secunda A. Williams-Starr, the fiduciary/certificate of incumbency daughter of the late Annie Lee Williams 7-12-2015 murdered in more than one way. Judge Stuart Friedman is responsible for Wynita Brown and all the other fugitives running around/behind I every day their friends with my husband Dwayne Conley. He lives with I. Conspiracy to murder the fiduciary Secunda A. Williams Rule 7 word street all or any are in all or any properties.

She does not include any legal claims or a request for relief. Plaintiff also filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court grants that application.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if

it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

To meet federal notice pleading requirements, Plaintiff's complaint must give Defendants fair notice of the Plaintiff's legal claims and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir.

2008). Plaintiff's complaint does not contain coherent factual allegations, legal claims, or a request for relief. Therefore, it does not meet basic pleading requirements and fails to state a claim on which relief may be granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** this action under 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: November 8, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio